Good morning, everyone. The first case on our call this morning is Agenda Number 6, Case Number 104-375, People of the State of Illinois v. Robert D. Brown. Ms. Montgomery, are you ready to proceed? Good morning, Your Honors. I am Jamie Montgomery. I represent Robert Brown. May it please the Court. This case is not about whether or not Robert Brown is deserving of a life sentence under the Habitual Criminal Act. This case is about whether the sentencing court had the authority to sentence Brown under the Act based on the proffer made by the State. This is a case about procedure. It's not a case about facts. By the Habitual Criminal Act's plain language, it shall not apply unless four requirements have been satisfied. First, that the third offense was committed after the effective date of the Act. Second, that the third offense was committed within 20 years of the conviction of the first offense, although time spent in custody does not count. Third, that the third offense was committed after the conviction for the second offense. And finally, that the second offense was committed after conviction for the first. Essentially, what the Act requires is a specific sequence of events, which starts with the defendant's conviction of his first qualifying offense, thereafter followed by the commission and subsequent conviction for the second offense, and then the subsequent commission and conviction for the third. Where these requirements are not satisfied, the Act does not permit the trial court to impose a life sentence under the Act. As this Court held in Arna and Wade, and most recently reiterated in People v. Travis-Woodfield, a sentence that is contrary to a statutory requirement is void and may be corrected at any time. Here, the State failed to establish the commission date of Robert Brown's second offense, the Act's fourth requirement. Thus, the life sentence imposed upon Brown is void and may be corrected at any time. Accordingly, the appellate court erred when it refused to vacate Brown's sentence and remanded the cause for a new hearing. The State argues that the certified copies of conviction and the pre-sentence investigation report were sufficient to establish that the second offense was committed after the defendant's conviction for his first offense. But that simply is not true. These documents only establish the arrest and conviction dates for those offenses. Now, persons are often arrested around the time that they commit an offense, but we know that's not always the case, as evidenced by the fact that there are statutes of limitations, which allow for a later prosecution of an earlier committed offense. In this case, Robert Brown's second offense was a home invasion, and the law permits a prosecution for a home invasion to be commenced within three years of its commission. Thus, the fact that Robert Brown was arrested on July 22, 1993, for that offense, only indicates that that offense was committed sometime on or after July 22, 1990, or perhaps even earlier, if there was some reason why the statute may have been told. The problem, however, is that Robert Brown... Ms. Montgomery? Yes. The elephant in the room, though, is the defendant did not raise this issue, or one of the four exceptions in any motion to reconsider the sentence, right? Yes, Your Honor. And why does that not forfeit the right to raise the objection on appeal? Well, Your Honor, as I was saying, this is a void sentence. It's an illegal sentence, and forfeiture doesn't apply to an illegal sentence. The question here isn't whether or not Robert Brown, you know, Mr. Brown never raised in the appellate court, nor does he raise here, that he does, in fact, qualify for an exception. Because we don't know whether or not he does, because the record doesn't provide sufficient proof one way or the other, due to the state's failure to plead those facts below. Yeah, so the defendant's never argued that he's not eligible for a judicial criminal sentence. No. He never argued it in the appellate court. Or that the second offense was not, in fact, committed after the first conviction. No, I can't make an affirmative argument that that is the case. Wouldn't that be within the knowledge of the defendant? I'm sorry? Wouldn't that be within the knowledge of the defendant, and that's why it would be used as an exception to defeat the habitual criminal? Well, putting the onus on a defendant to know the exact dates of commission and a conviction of offenses that, under the Act, clearly can occur over a 20-year period of time, or even longer if the time is taken away while they're in custody. It's just defendants don't know their histories. You know, it's all well and good to say a defendant should know their history, but defendants don't. Trial attorneys will tell you that, particularly public defenders will tell you, that you talk to your client and ask them, you know, what kind of priors do you have. And they often don't remember whether it was an armed robbery versus a robbery, and they can't tell you. And oftentimes they'll remember that it was a worse conviction than it was, or that they were charged with something, they pled down to something lower, but they don't know what it was, they just know they pled. So it's not really a fair assumption to say that a defendant should know the exact dates and whether or not he qualifies. If we were to look at these exceptions as something that had to be raised affirmatively by the defendant in this instance, the defendant isn't left without recourse, right? He could always file a post-conviction petition that counsel was ineffective for not raising one of those exceptions. Well, if the question in this case was that he doesn't qualify because of an exception, then the waiver clause would say that he can't raise it on the heel. The question in this case, though, is that the state didn't make the proper showing of the facts necessary to sentence the defendant this way, therefore the state acted outside or the court acted outside its authority in sentencing him to life imprisonment. Okay. Thank you. What kind of evidence does the state have to present? Well, many of the published decisions on various issues regarding the Habitual Criminal Act offer different ways that the state has proved it in different cases. Sometimes there's been testimony provided. I know in one case the court was asked to take judicial notice of a prior sentencing order from another court in that circuit. I certified copies of an indictment or even just copies of an indictment that allege commission dates. It's really easy to allege this information. That's why the state's failure in this case is so grievous. It's not information that is not at the state's fingertips. All they have to do, I mean, they got certified copies of convictions. They just need to go one step further and get one more document that shows the date. In some cases, even the state's... Counsel, if I may, would they document, even an indictment, necessarily prove the date, what it was if the state was charged with proving it? Well, the proof here that's required is by preponderance. And so if the state brought in certified copies of the conviction for the first and second offense and an indictment alleging that the second offense was committed, even within a range of dates, at that point, if those dates all satisfy the requirements of the act, that would be a prima facie showing, or at least showing by preponderance, that the defendant qualifies. And at that point, if the defendant did not object, he would waive it under the waiver clause of the statute. That's not what happened here, though. What happened here was the state never made any attempt to show what date he committed the second offense. Wasn't there a statement, the state's attorney's statement, that was filed actually after the date of sentencing that set forth the arrest dates and there was no objection filed at that time? The statement of facts that was filed after the sentencing hearing, that's the first problem is that that was filed after the sentencing hearing. It was not before the court when the court sentenced the defendant under the act. That information was not available to the court. There's no indication on the record that that information was available to the court. And, indeed, that is a statement of facts that's filed in every case that goes to the Department of Corrections. But the court did sign a final order, it indicated at least in the briefs, on or after the time that that state's attorney's statement was filed. The court did, indeed, sign after the motion for reconsideration was decided. The court, that was when the final order was signed. However, that document, the statement of facts, is certified, I'm sorry, is filed with the circuit clerk but goes to the Department of Corrections. There's no indication that the judge even looked at that document, nor would there be any reason for the judge to look at that document. And, in fact, many times those documents are not even on the record on appeal. Okay. You indicated there was nothing on the record. Are you saying this is not part of the record? This document is in the record, which is somewhat of an anomaly. The state argues that the certified copies of the conviction and the PSI were sufficient to establish the second defense commission date. Before we get into that, Ms. Montgomery, you talked about the statutory waiver, but I'm a little confused as to why it doesn't apply to this defendant. 33B2C. All right. Now, Section 33B2C, for those who aren't familiar with it, states that any claim that a previous conviction that a defendant, or that's offered by the prosecution, is not a former conviction, as set forth earlier in the Act, is waived unless the defendant raises it at the hearing or unless the prosecution's proof shows that an exception applies. Well, here Ms. Montgomery, with regard to that, do you think that the legislature can constitutionally limit the defendant's ability to challenge the sufficiency of the evidence? I do not, Your Honor. And that's why the appellate court's holding in this case and the state's position that the legislature can say that a defendant relinquishes the right to challenge a facially illegal sentence. That is not what the legislature can do. It would be a separation of powers issue if the legislature was suddenly going to make a law or if the law was to be interpreted that the legislature could never allow, that a defendant would never be permitted to challenge his illegal sentence. Did you make that argument in your briefs, the constitutional argument? I did not make the constitutional argument in my brief. All right. So aside from the constitutional argument and the specific language of the statute, why doesn't it apply to this defendant? Because the language of the statute itself indicates that the legislature intended that there would not be a silent record on that point. The language of the statute presumes that there is, that the state has made its sufficient showing of the necessary requirements as the language that where the state's proof shows the existence of an exception. Now, it specifically said, I think maybe the question came before you finished, it said it's waived unless duly raised at the hearing on such conviction. I mean, and I think the appellate court ruled on two bases, right, that it wasn't raised in the motion to reconsider and also on the basis of this waiver of exceptions. Correct. So what about that language? It's waived unless duly raised at the hearing on such conviction. Because of the existence of any exceptions described in this act, right, so if that doesn't happen, it's waived unless duly raised. Isn't that an affirmative duty on the part of the defendant to raise it at that particular point? It is an affirmative duty and where that would be, the problem is that that clause cannot apply in this situation because this isn't a situation where all of the requirements were set forth. The defendant can't be expected to object to something the state never alleges. Now, the fact that the state put in some of the evidence here, you know, they never allege the commission date, so the defendant was never given an opportunity to challenge that commission date. Well, it's not a challenge of the commission date necessarily. Wouldn't it also apply that any previous conviction doesn't meet the requirements of the act? Yes. The waiver clause itself, my reading of it is that it applies when the state has made a showing under the requirements of the act that the defendant qualifies. And for any reason the defendant wants to say one of those exceptions applies to me, a defendant has to speak up at that point or waive the issue. However, that's not what's going on here. What's going on here is the court didn't carry out its duty in determining that all of the facts had been shown. This is an illegal sentence, one that's not permitted under the act because the state didn't prove that the defendant qualified. Moreover, the fact that the language of that section itself indicates that the legislature intended to limit litigation on these questions. And any interpretation of that statute which would allow the state to put in, well, most of the evidence but not all of it, only opens the door to further litigation as this appeal aptly demonstrates. Here, if the state had simply put in the document that alleged the date of the defendant's commission of a second offense, this case would not have happened. Because there would be a complete record on which to look at and say, well, they've made the showings required by the act, the defendant didn't object, his challenge is waived. Was there a written petition under the act? There was. Did that allege, without alleging the dates, that the second offense occurred after the occurrence date of the first offense? It did not. Actually, the entirety of the petition is included in the appendix of the defendant appellant's brief. The petition itself states that the defendant was convicted on this date, the defendant was convicted of the second offense on this date, and was convicted of the third offense on this date. If the state had just said in their verified statement in the petition that he had committed the act on some date prior to the, I'm sorry, after the conviction of the first, that would be fine. But here the state has an utter failure of proof to show the requirement was met. Do you argue Apprendi at all whether the state has met its burden in the intense sentencing situation? Can it be raised at any time? I didn't argue Apprendi in this case, no. Any thoughts on that? Any thoughts on it? Well, I guess there's been Apprendi challenges to the habitual criminal act in the past, and it was found to be sufficient under Apprendi because these are, in fact, prior convictions. And there is a fact finder in the court finding that the defendant committed and convicted prior offenses in the sequence required. If I understand your argument then, Ms. Montgomery, that if indeed the state puts in proof of the fact that a conviction happened at a certain point in time, the statutory requirement that that be addressed would apply. But when they don't put in any proof at all of when the second conviction occurred, that does not apply. That would be correct, Your Honor. And the reason being because they had an affirmative duty, the state has the affirmative duty to put something in even if it's wrong so it can be contested? I mean, I'm having a difficult time dealing with the logic that when they do nothing, as you said, that there's no requirement to say, hey, they haven't shown where the second conviction came when it occurred. And in the other instance, the statutory requirement would be there if they put in the wrong date, for example. I mean, I'm trying to see the logic in that. I understand. The difference between when they put in nothing is that at that point we get into the category of a sentence that's based where a court, like the court here, is acting beyond its authority. Because the act requires a specific showing that these four requirements are met, the court doesn't have the authority. If you impose a life sentence under this act without showing all of those things, the statute doesn't permit the life sentence. In this instance, it was a class acts offense. Now, Mr. Brown was probably eligible for extended term sentencing on this class acts offense. So had the state, you know, here because the state didn't prove up the requirements of the state, of the statute, the court didn't have the authority to impose this sentence. The court only had the authority to impose perhaps an extended term class acts sentence up to 60 years. Thus, the entirety of the sentence beyond 60 years is illegal. Now, of course the defendant is required to, you know, defendants are always required to preserve errors for review. But, and forfeiture would apply. However, this is a void sentence and must be corrected because proper procedures were not followed. Now, if we agree with you, then it's remanded for a new sentencing hearing? Yes. And is he eligible to be found to be a habitual criminal and again sentenced to life? I have not personally looked into the facts that the state failed to prove below. What's on the record here, I don't know. I still don't know. No, I'm not speaking of that. I'm saying he would go back, but he might face the same sentence he already has. Absolutely. And if the state has the information available, he certainly would be, could be resentenced to life imprisonment. Would you be making the same argument if the second offense, the same kind of facts that we have here, but where the second conviction is far enough away that any statute of limitations would not, would have already run? I may not. However, with that situation, there's always the possibility that the statute of limitations had been told. That a similar argument was made in one of the cases in the appellate courts, and the appellate court noted that you couldn't, the state actually made that argument in one of the lower courts, and the court in that instance stated that that wasn't a sufficient proof because of the tolling of the statute of limitations, the possibility of tolling. But you indicated it would be sufficient proof if the state just alleged it in their petition? It has been sufficient proof in the past in other cases. Thank you. I mean, my hope would not be that the state would just pull a date out of a hat and allege it just to meet the requirements. My hope would be that the state would do what many prosecutors have done, which is just put a copy of the indictment in there, which alleges the dates. Ms. Montgomery, just to follow up on Justice Thomas, understand your argument on why the exceptions couldn't be raised. Is it because the exceptions apply to dates and sequence and chronology of events? And the way I read your brief was that they didn't put this information in there, so there's no way to make the exception argument. Exactly. Is that it? Yes. All right. For the foregoing reasons and those presented in the defendant's briefs, I ask that this Court reverse the decision of the appellate court, vacate his life sentence, and remand the matter for a new sentencing hearing. Thank you, Ms. Montgomery. Mr. Melamus? Good morning, Your Honors. Counsel may please the Court. My name is Eldon Melamus. I'm from the Illinois Attorney General's Office here today on behalf of the people. As you've been discussing, the issue in this case is whether the express forfeiture provision of the Habitual Criminal Act bars defendant from raising for the first time on appeal a claim with respect to one of the act's exceptions. Specifically, defendant here claims that the people did not adequately establish that his second qualifying crime was committed following the conviction for his first qualifying crime. But this Court should uphold the judgment of the appellate court and enforce the forfeiture provision for various reasons. First, the canons of statutory construction propel it to do so. The plain and ordinary meaning of the words of the provision indicate that it applies to defendant, as do the rules that we interpret a statute so as to effectuate legislative intent, that we interpret statutes as a whole, and that we interpret statutes so as to avoid conflicts where possible. Now, in contrast to defendant's assertion, the sentence here is not void, and a legitimate argument has not been raised here that that actual sentence is void. On the other hand, defendant's interpretation would actually leave defendant in a better position than if the forfeiture provision had never existed, which is an absurd result for a statute designed expressly to ensure the permanent incarceration of habitual criminals. Additionally, even under the defendant's interpretation, which is that the people must show any proof at all of the requirements are met, defendant did forfeit the provision because the state provided a prima facie case as required by the statute, and indeed the evidence here went much farther. And for similar reasons, and because every shred of evidence in this case indicates that defendant does indeed meet every requirement of the Habitual Criminal Act, this Court could hold that even if there was some error in the sentencing hearing, that error was harmless because defendant was not prejudiced as he was sentenced properly. Now, turning towards the proper interpretation of the provision, the plain and ordinary meaning of that provision is that defendant must raise the argument at the hearing, or it is forfeited. The words are straightforward, and there's no dispute from defendant that the plain meaning of this statute is that it applies to defendant. Instead, defendant argues that this provision somehow conflicts with another provision of the Act, which lists various requirements, one of which being the chronology exception at issue here. Defendant's argument about this conflict is that the legislature, the General Assembly could not have included these exceptions and then required defendant to raise those exceptions at a certain point. In other words, they could not have included the exceptions and then held that defendant forfeited them by not raising them at the sentencing hearing. But this argument proves far too much. Indeed, in every case of forfeiture, a defendant loses the right to make a claim or argument. It is the very essence of forfeiture that defendant loses that right to make a claim and that the result may or may not have been different if that claim had been made in a timely fashion. So there is no conflict. Moreover, the statute, when read as a whole, shows that the Habitual Criminal Act provides a coherent process and a structure that balances all the interests. And also, the defendant's interpretation would run directly contrary to the legislative intent. It is the people's interpretation that meets the legislative intent. As discussed, the intent of the legislature, and as stated multiple times by this Court, the intent is to ensure that habitual criminals are permanently incarcerated. To somehow construe this forfeiture provision as an oblique attempt by the General Assembly to weaken the rules of forfeiture just for habitual criminals, in other words, to make it more easy for habitual criminals to overcome forfeiture, would go directly contrary to the intent of the legislature. As indicated by the appellate court, even under normal principles of statutory construction of appellate procedure, defendant would have forfeited this because he didn't raise it at the sentencing hearing and he didn't raise it on appeal. Now, a case to show that defendant would have raised this, would be better off under defendant's interpretation than otherwise, and also provides a key for analyzing the issues here is the Williams case, which is a 1992 decision by this Court. In that case, there was a similar habitual criminal sentencing scheme whereby a defendant convicted of multiple Class I or Class II felonies was to be sentenced as a Class X felon. So it's a very similar structure. Three Class I or Class II felonies means sentenced as a Class X felon. Now, that provision has a very similar exception. It states that this paragraph shall not apply if, and there are a list of few exceptions, one of them being the second crime was not committed following the conviction of the first crime. So you have a situation very similar to here. The sentencing scheme is similar. There's an exception, but no express forfeiture provision. Now, in that case, the people had introduced the pre-sentence reports, and that was the whole of their evidence. And those pre-sentence reports indicated only the arrest dates, not the actual commission dates. And on appeal for the first time, the defendant raised the argument that the people had not sufficiently met their burden of production with respect to this chronology requirement. And this Court held the defendant had forfeited that argument, that they had not raised it on appeal, and so forfeiture was proper. So we have a similar statute without an express forfeiture provision. Under that system, this Court has held that defendant forfeits this precise argument. And in this case, defendant would hold this forfeiture provision to somehow indicate that General Assembly intended him to be better off than otherwise. A couple notes on questions raised by the Court with respect to the sufficiency of the evidence. First, as discussed, that argument was not raised or made in the briefs until it was forfeited. Moreover, that doctrine applies to elements of the crime that must be proved by a beyond a reasonable doubt, not to matters at sentencing hearing, which have very different rules and which a preponderance of the evidence standard applies. Moreover, contrary to defendant's assertion, the statute or the sentence here is not void. There's not actually been a legitimate argument that the sentence is void. There's an argument, that is to say, there's no argument the defendant does somehow fit into this exception, that he doesn't fit every requirement of the Habitual Criminal Act. Instead, there's an argument that some further evidence that hasn't been introduced and that there's no indication that any evidence, such evidence exists, might show that, might support an argument that the argument, that the sentence was void. But in this case, the defendant doesn't raise any such arguments. There's no argument that the court didn't have jurisdiction, which is often the case when a void sentence is at issue. There's no argument that this was actually outside the range that defendant was eligible for. So there's really no argument that this was void and that somehow this allows defendant to escape a clear forfeiture. Now, with respect to defendant's argument, that the people needed to put forward some prima facie evidence before the forfeiture provision was activated, even under that standard, defendant forfeited his argument because the people did put forward a prima facie case. The act specifically sets out what a prima facie case is in this context. It sets out the burden of production on people, on the people, and that is the introduction of authenticated cop records of conviction. That is in Section 2B, and it states that that is the burden on the people. In this case, the people met that burden. Indeed, there's much more evidence before the court. There was testimony by the defendant's trial counsel that the requirements of the Habitual Criminal Act were met, that he so told defendants prior to trial, and in fact that he ran off a copy of the Habitual Criminal Act and gave it to defendants before the trial. There is the pre-sentence report, which indicates the arrest dates. And while it's certainly possible that an arrest might come well after commission of a crime, as a matter of evidence, it is certainly evidence that the crime was committed after the conviction for the first time. If a defendant is alleged to have been somewhere, for instance, at 1030, the fact that he might be there at 10 and then at 11 isn't as good evidence as if he were there at 1030, but it certainly is evidence to that effect. Moreover, there was the admission by post-trial counsel that all the requirements of the act were met, and there was the statement by the state's attorney, which directly lays out the dates the crime was committed. And two separate places. In one, there's a table in which there are three columns, crime, date, and sentence. And the date listed is clearly the date that the crime was committed. Defendant is offered no alternate explanation of what that date might refer to. In addition, in that statement, there's a narrative portion. And that narrative portion, it says that the facts of that case were as follows. On July 16, 1993, at 5.30 a.m., the defendant entered, and it goes forth to describe, the crime that was committed in July of 1993. So there's the table which lists the date, and there's the narrative portion which lists the date. Now, the dates are actually, there's a transposed six and a nine, so it's not clear if the crime was committed on the 16th or the 19th of July, 1993. But that is irrelevant to the issue here, because both were well after the conviction of the first qualifying crime in March of 1992. As to the timing of this, not only was it the statement by the state's attorney introduced prior to the motion for a new sentence, but the statute indicates that the clerk gives a copy of the statement to the other party. So in this case, the clerk was supposed to give a copy to defendant, and there's no indication that the clerk did not indeed do so. So this provided the defendant an opportunity to object to that statement, as did the introduction of all this other evidence that was before the court. Finally, turning towards the idea of what the court should do and whether it should remand for a new sentence, even if this court were to decide that there was some kind of error shown at the hearing, the proper thing to do would be to find that such error was harmless, as indicated, every bit of evidence indicates that the requirements of the habitual criminal act were met, and defendant has shown no prejudice and does not even argue prejudice. He argues that it's possible that some other evidence introduced will be that he was prejudiced. And the proper avenue for such an argument would be a post-conviction petition, showing that, alleging ineffective assistance of counsel. So indeed, if this defendant, if every shred of evidence before this court is somehow wrong or is refuted by some future showing of evidence, the defendant has recourse by filing a post-conviction petition, alleging ineffective assistance of counsel, and would be able to likely show prejudice, if he can show that he in fact did not meet the habitual criminal act, until at least one prong of the statute, the Strickland analysis, will have been met. So unless there are questions from the court, the people had asked that for the reasons stated here today, as well as those in our brief, this court affirm the appellate court's judgment and enforce the express forfeiture provision. Thank you. Thank you, Mr. Malamud. Rebuttal, Ms. Montgomery. Your Honor, it seems the primary problem with this case is that the state seems to think the defendant is arguing that he qualifies for an exception under the act. That's not what the defendant is arguing. The defendant is arguing that his sentence is illegal, that the court did not follow the proper procedure. As I said in my opening comments, this is a case about procedure. The statute here requires that specific things be shown before a court can impose a life sentence. The state got close. It proved three out of four. But that's not good enough under the act. What exactly makes the sentence void? It's void because, as Your Honor stated in Arna, Wade, and most recently in Travis-Whitfield, that where a sentencing statute has certain requirements that must be met, whereas a sentence is imposed without statutory authority, it's void and can be corrected at any time. And here the statute requires that the state make the showing. And when the state didn't make that showing, the court had a duty to not impose the sentence under the act. Now, the state talks a bit about legislative intent and what the legislature intended with this act. And undoubtedly the legislature intended that our state's most heinous criminals, those who can't show that they're able to be rehabilitated, stay in prison for the rest of their life. But, as Your Honor stated in Nathan Palmer, the act may only be invoked after a defendant had twice demonstrated that conviction and imprisonment do not deter him from a life of crime. If we don't require the state to actually show that the defendant has committed these two offenses and is unable to be deterred, that legislative intent is not satisfied. Also, Your Honors, the state argues that my argument is that the statute conflicts. My argument is not that the statute conflicts. I think the statute can be read as a whole without further resort. However, my argument was that the appellate court's interpretation as allowing a defendant to waive and forever forfeit any claim that his sentence is illegal cannot be what the legislature intended and is not what the statute says. How do you address counsel's argument that the defendant in this case, where there is a specific waiver provision in the statute, is better off than a defendant who's being sentenced where there is no waiver, a specific waiver provision in the statute? And on top of that, we're dealing, as you said, with when we talk about legislative intent, if there's any ambiguity, the fact that we're dealing with habitual criminals, that we would have to presume that the legislature intended that habitual criminals would be treated better than defendants who were not habitual criminals. I actually don't think that's what the waiver clause, or my interpretation of the waiver clause even says. My interpretation set forth in my brief and here is that, you know, where the state has made the showing, the defendant can waive it. And that is, you know, that's what the statute says. I don't see how a defendant not being, or a defendant, how a defendant being, I don't see how here, where the argument is that the defendants, that the court didn't follow the proper procedure and the defendant's sentence is therefore illegal, I don't see how that benefits him as a habitual criminal any more so than any other defendant who is sentenced not in accordance with the law. I mean, take, for instance, if you had a defendant who committed and was convicted of a second, of a Class II felony, and then for some unknown reason the court imposed a Class X offense on the defendant, not because the defendant qualified for Class X sentencing, it just happened. And no one caught it. To interpret this statute as allowing a defendant to then waive any challenge to his illegal sentence cannot be what the legislature intended and raises constitutional problems. In that instance, wouldn't it be possible that the proof of the fact that the sentence was illegal, that it was in fact not a Class X felony, would be the evidence that would be presented and would be the bedrock upon which you would find the sentence to be void? Yes. Well, but we have to some degree the same thing here. I mean, at the time of the sentence, the representation could have been made that there was an error, that there was a specific date that did not fulfill the statutory requirement. And even at this point, if that was the case, couldn't you make that same, wouldn't you make if indeed you had evidence that the dates were incorrect to make reference to that date at the time you were claiming that the sentence itself was void? Wouldn't that be the bedrock of that situation as well? I'm sorry, I didn't follow the last part of your question. Well, I understand that. We're examining whether or not this is a void sentence because that's part of your argument. My question is, wouldn't the requirement of establishing a void sentence to allege at least the fact that made it void, in this instance it would be that the statutory scheme was in fact not followed, rather than simply saying that the state, that the judge in the state made an error in not determining the date at the time of the original sentence when there was no objection thereafter? Well, I mean, if there was no objection thereafter, and later you discovered that in fact there was a mistake, you could allege that mistake. But if you can't do that, how can you claim now in this record that the sentence is void? Well, here the mistake was that the, you know, the court has the duty to ensure that the state makes sufficient, that the state has presented the evidence that the court needs to impose the sentence. And yes, defense counsel and the defendant have a duty. You have to move to the next one, and we just straight forfeit you. And normally in that circumstance, if the court has made a mistake, you have to make an objection. Judge, you can't, you cannot sentence this man to a life sentence because you have no proof of this fact. And the judge would then say, you're right. And they probably would produce the proof of that fact or they wouldn't. And what happened here was that what looks like a waiver situation comes by and you're saying that that establishes a void sentence, and I'm suggesting it might not because you may have to allege in fact that there is something that makes it void. Well, I guess. Like the dates don't, were not proper. Okay. Well, in this instance. Like the crime occurred in, I'm trying to remember the date, in 92 rather than 93. Well, in this case, the problem, there's two problems. One, we have a post-trial counsel who is arguing solely that a habitual criminal is maybe unconstitutional under Apprendi, which at that point had already been determined that it was constitutional under Apprendi. And defense counsel also argued that the defendant couldn't qualify because it's three X's. And that's not what habitual criminal is. It's three X's or murders or crim sexes. Possible PC for ineffective assistance of counsel. That's correct. But that's not the issue before us today. Well, I don't see how, I mean, what's at stake here when a defendant is facing a life term in prison without the possibility of parole, demands that our courts ensure, you know, take the greatest care to ensure that the state has made its proofs and the defendant is given the opportunity to object to them. Here the state didn't make one of its proofs. And the court failed. I think what Justice Fitzgerald is saying, at best, it's a voidable sentence. If you come forth with some proof at some stage of the proceedings that that second conviction, for example, wasn't correct under the statutory provisions, you know, maybe the sentence is void at that point, but not at the point when the court has jurisdiction. And if the requirements are met and can't be proven not to be met, his question really goes to, you know, is this void or, at best, voidable? And if it's voidable, you have to prove it void somewhere by bringing forth, by objecting, like Justice Fitzgerald was just indicating. And showing something to indicate that it's a void sentence. I guess I thought that by arguing at this point and by arguing in the appellate court that it was void because the court didn't have the authority to make the finding that he was a habitual criminal and thus sentenced him that way, that we were saying that it was a void sentence because of that failure. There's no doubt you were saying it. We're asking, is it? Well, you know, a sentence that exceeds statutory maximums or violates the Constitution is void. The argument here is that based on what... Stop you there. If every provision was met, when everything sorts itself out, in fact, we haven't heard anything that this conviction, you know, that it was improper, we haven't heard that from the defendant, but stop you there. If all those requirements are met, there's nothing wrong with the sentence that was imposed pursuant to the Habitual Criminal Act, right? Right. But if the state had proved the defendant committed the second offense, there would be nothing wrong with this sentence. Well, yeah, but there's still nothing wrong with it if indeed it was harmless in the sense that that conviction did fall on the right day. Well, I think that this... And then the question becomes whose duty is that to point it out, and now we've got general forfeiture law and we have a specific statutory provision that talks about waiver in the statute itself. Well, I think the specific statutory provision that talks about waiver doesn't anticipate that a defendant would waive the right to challenge a sentence as illegal. I think it is intended to apply where the state has made the proper showings and the defendant is challenging things like, hey, that's not me, that's some other Robert Brown who committed that offense. But the defendant didn't challenge even at the motion to reconsider sentence stage, right? No. His attorney argued that it wasn't a Class X offense. And I think it's important, too, that this court consider the... Ms. Montgomery, we took all your time. Thank you very much. Thank you, Ms. Montgomery. Thank you, Mr. Melamed. Case Number 104-375, People of the State of Illinois v. Robert D. Brown, is taken under advisement as Agenda Number 6.